UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN DOMINGUEZ, AS ADMINISTRATOR
OF THE ESTATE OF PORFIRIO AMELIO
DOMINGUEZ HERNANDEZ, AND INDIVIDUALLY

Docket No.: 20-cv-01275(DLC)

                              Plaintiffs,

-against-

**STIPULATED ORDER
OF CONFIDENTIALITY**

DELTA AIR LINES, INC.,

                              Defendant.
-----------------------------------------------------------------x

      In order to preserve and maintain the confidentiality of protected confidential, commercial and proprietary information to be produced by the parties in this action, it is hereby stipulated and agreed by the parties through their respective counsel, subject to the approval of the Court, that the following Stipulated Order of Confidentiality be so-ordered:

      1.      Documents to be produced by the parties in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order," "Confidential," or other similar language in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

      2.      As used in this Order, the term "documents" means all written material, photos, videos, and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, hard drive or otherwise).

3. The burden of proving that a Protected Document contains confidential technical and/or medical information is on the party asserting that said material constitutes a Protected Document. Prior to designating any material as "Confidential", a party must make a bona fide determination that the material is, in fact, trade secrets, confidential technical information or other commercially sensitive information. If a party disagrees with the "Confidential" designation of any document, the party will so notify the designating party in writing. If the parties are unable to agree, they will then timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Confidential" or "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy. For the purposes of this Order, all of plaintiff's medical records shall be considered Confidential and need not be so designated by any further marking by the parties.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his/her attorney, other representatives, and expert witnesses, and shall be used only for this litigation and in preparation for the trial of this matter, subject to the limitations set forth herein.

6. Protected Documents shall be disclosed only to a "Qualified Person." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

        b.     Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

        c.     Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of designating party; and

        d.     The Court, the Court's staff, witnesses, and the jury in this case.

7.     Counsel for each party must make reasonable efforts to insure the individuals described in paragraphs 6(b) and 6(c) above are "Qualified Persons" and must provide the designating party with advance notice of the names of such "Qualified Person" with whom the Protected Documents will be shared.

8.     Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 6(b) and 6(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties shall retain each such executed "Written Assurance" and shall keep a list identifying (a) all persons described in paragraphs 6(b) and 6(c) above to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons. Each such executed written assurance and list shall be submitted to counsel for the designating party within seven (7) days of the disclosure of Protected Documents under this Order and at the termination of this litigation.

9.     As the Protected Documents may only be distributed to "Qualified Person," counsel for the parties, and all persons described in paragraph 6 above, may not post Protected Documents on any website or internet accessible document repository, including this Court's ECF system.

5427715-1

10. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

11. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Documents shall be filed ~~under~~ (DLC) ~~seal~~ in accordance with the Court's rules regarding the filing of documents subject to a confidentiality order. ~~To the extent the Protected Document is filed in hard copy it shall be submitted to the Court in an envelope which shall be endorsed with the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject to Stipulation and Order of Confidentiality," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."~~

12. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "Confidential" information designated as such under this Order shall remain "Confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

5427715-1

13. Counsel for the parties shall not be required to return the Protected Documents to the designating party after the conclusion of his case. Counsel may retain the documents pursuant to the terms of this Order or destroy them at a later date, providing written notice to the designating party upon doing so.

14. To the extent that any party is requested to produce documents it feels should not be subject to the sharing provisions of this protective order, all parties hereby reserve the right to subsequently request that the parties enter into a non-sharing protective order prior to the production of any such documents.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "Confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Stipulation and Order of Confidentiality may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties and so-ordered by the Court. If any provisions of this Stipulated Order of Confidentiality shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. This Stipulated Order of Confidentiality shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

19. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained Protected Documents and Confidential information.

Dated: New York, New York
May 4, 2020

TUMELTY & SPIER, LLP

By: _____
John Tumelty, Esq.
*Attorneys for Plaintiffs*
160 Broadway, Suite 708
New York, New York 10038
(212) 566-4681

CONNELL FOLEY LLP

By: _____
Michael J. Crowley, Esq.
Michael Bojbasa, Esq.
*Attorneys for the Defendant*
888 Seventh Avenue - 9th Floor
New York, New York 10106
(212) 307-3700

```
So ordered.  The parties are referred to Section 7 of this
Court's Individual Practices for directions on filing documents
under seal.  5.06.2020.

                              _____
                              DENISE COTE
                              United States District Judge
```

5427715-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
JUAN DOMINGUEZ, AS ADMINISTRATOR          Docket No.: 20-cv-01275(DLC)
OF THE ESTATE OF PORFIRIO AMELIO
DOMINGUEZ HERNANDEZ, AND INDIVIDUALLY

                        Plaintiffs,
           -against-                                **EXHIBIT A**

DELTA AIR LINES, INC.,

                        Defendant.
-----------------------------------------------------------------x

State of _____

County of _____


_____, declares under the penalty of perjury that the following statements are true and correct:

    1.    I have read the Stipulated Order of Confidentiality attached hereto and I understand its terms and meanings.

    2.    I agree that my signature below submits me to the jurisdiction of the United States District Court for the Southern District of New York in which the action of *Dominguez, et. al. v. Delta Air Lines, Inc.*, Docket No. 20-CV-01275(DLC), is pending, and binds me to the provisions of the Stipulated Order of Confidentiality, including to all promises undertaken in the Order, as if originally agreed by me.

    Further Affiant sayeth not.

    This the _____ day of _____, 2020

 

                                                                                                 Affiant

Sworn to before me this

____ day of _____ 2020.



_____
Notary Public